## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLARK PHINNEY, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | Case No. 24-10248 |
| _____ | ) | |
| | ) | |
| BRE DANVERS-KIDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 24-1006 |
| v. | ) | |
| | ) | |
| CLARK PHINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MOTION FOR JOINDER**
(Fed. R. Civ. P. 20)

NOW COMES Plaintiff, Bre Danvers-Kidman ("Plaintiff"), pro se, and respectfully requests that this Court determine that the above-captioned matter regarding the above debtor, Clark Phinney ("Debtor"), be joined with a substantially related matter against Kimberly Phinney, in which Plaintiff asserts the right to the same relief jointly and severally to both the Debtor and Ms. Phinney, and which arose from the same transaction, occurrence, or series of transactions and occurrences. In support of this motion, Plaintiff states the following:

1. The current Adversary Proceeding was originally initiated against Kimberly Phinney in her prior attempt to discharge this same debt in her prior bankruptcy proceeding before filing the current bankruptcy case, 24-10248. (See: Docket Record in 24-10066)

2. Ms. Phinney's prior bankruptcy was dismissed due to a willful failure to abide by a court

order, and she further violated the order's limitation on filing by re-filing this matter in October of 2024.

3. Ms. Phinney's willful failure to abide by orders of this Court resulted in her dismissal from the underlying bankruptcy in this case, but this adversary proceeding was allowed to continue following an amended complaint.

4. While Ms. Phinney's dismissal from the current bankruptcy might have allowed Plaintiff to file a civil suit against Ms. Phinney alone for the claim at issue here, Plaintiff understood this course of action to be barred by actual knowledge of the automatic stay in Mr. Phinney's pending bankruptcy, given extensive public documentation of the Phinney's co-ownership of Lilac Mixology and Catering.

5. This extensive documentation includes prior judgements in the Kennebec County Superior Court, where both Kimberly and Clark Phinney jointly petitioned the court for relief against prior business associates in their capacity as joint owners of Lilac Mixology and Catering, as well as various news articles and publications referring to Kimberly and Clark Phinney as joint owners of Lilac Mixology and Catering. *See* Kennebec County Superior Court Civil Action CV-2020-0110; *See also* "Lilac On The River – The Treat At The End Of The Trail" *available at* https://b985.fm/lilac-on-the-river-the-treat-at-the-end-of-the-trail/?utm_source=tsmclip&utm_medium=referral

6. Plaintiff understands the Automatic Stay in 24-10248 to bar action in civil court against a business owned by both Kimberly and Clark Phinney while Mr. Phinney remained in Bankruptcy proceedings which seek to discharge his obligation to pay the same debt.

7. Should Ms. Phinney not be joined to this matter, nearly all the same questions of law and fact (except those related to whether Mr. Phinney was, in fact, an owner of Lilac Mixology and

Catering) will need to be re-litigated in the Superior Court as to Ms. Phinney's obligation on the same claim.

**WHEREFORE**, Plaintiff, Bre Danvers-Kidman, respectfully requests that this Court enter an order (i) determining Kimberly Phinney may be added as a Defendant in this Adversary Proceeding, (ii) allowing for service of Ms. Phinney and other motions as necessary to accomplish her joinder, and (iii) granting such other and further relief as is just and proper.

Dated: January 5, 2026

Respectfully submitted,

Bre Danvers-Kidman, Esq. (*they/them*)
ME Bar Number 5814, filing *pro se*

### CERTIFICATE OF SERVICE

I, Bre Danvers-Kidman, Esq., do hereby certify that I am over eighteen years old and I have caused a true and correct copy of Motion for Joinder to be served on the parties at the addresses set forth on the Service List attached hereto via either electronically or via first class U.S. Mail, postage prepaid. Notice will be mailed to **J. Scott Logan, Esq. Counsel for Debtor 75 Pearl Street, Ste. 211 Portland, Maine 04101.**

Bre Danvers-Kidman, Esq. ME Bar 5814, filing *pro se*