UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Clark Phinney<br><br>Debtor<br><br>Bre Danvers-Kidman<br><br>Plaintiff<br><br>v.<br><br>Clark Phinney<br><br>Defendant | Chapter 7<br>Case No. 24-10248<br><br><br><br><br>Adversary Proceeding<br>No. 24-01006 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR JOINDER**

The operative complaint in this adversary proceeding is the amended complaint filed by the plaintiff Bre Danvers-Kidman [Dkt. No. 37]. That complaint names Clark Phinney (the debtor in the main bankruptcy case) as the only defendant. Through a Motion for Joinder, under Federal Rule of Civil Procedure 20, the plaintiff now seeks to add Kimberly Phinney as a defendant [Dkt. No. 48].[1]

As it is, the amended complaint seeks a determination that Mr. Phinney cannot discharge a debt allegedly owed to the plaintiff. Among other relief also being sought, each count includes a request that this Court liquidate that debt, which stemmed from the plaintiff's dealings

---

[1] Ms. Phinney was the only defendant named in the original complaint, and she answered that complaint. In the amended complaint, although extensive factual allegations involving Ms. Phinney remained, she was not named as a defendant. In the motion, the plaintiff does not directly explain the omission of Ms. Phinney as a defendant, but the Court infers that the omission related to Ms. Phinney having been dismissed as a debtor in the main bankruptcy case.

1

with both Phinneys in connection with planning the plaintiff's wedding reception. In the motion, the plaintiff contends that both Phinneys are liable for the debt and that any separate lawsuit against Ms. Phinney would require determining "nearly all the same questions of law and fact" that are to be determined in this adversary proceeding against Mr. Phinney.

Rule 20 of the Federal Rules of Civil Procedure provides, in part:

> Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Bankr. P. 7020 (applying Rule 20 in adversary proceedings). A fair reading of the amended complaint and motion easily supports adding Ms. Phinney as a defendant under this rule.[2] And such an addition is permissible even if the plaintiff is not seeking as to each of the Phinneys all the relief demanded in the amended complaint. *See* Fed. R. Civ. P. 20(a)(3).

Thus, the plaintiff's motion is granted as follows.

1. Kimberly Phinney is added as a defendant. Going forward, that addition must be reflected in the caption for filings in this adversary proceeding.

2. By March 5, 2026, the plaintiff must (a) serve this Order and the amended complaint via certified mail on Ms. Phinney and on J. Scott Logan, Esq. (who previously appeared here as counsel to Ms. Phinney); and (b) file a certificate of such service.

3. By April 2, 2026, Ms. Phinney must file and serve an answer or other response to the amended complaint.

Dated: February 19, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[2] In response to the motion, Mr. Phinney appears to misapprehend, to some extent, what the plaintiff is asking to do here. The plaintiff is not seeking to add Ms. Phinney as a debtor in the main bankruptcy case—only as a defendant in this adversary proceeding.