**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| In re:<br><br>Clark Phinney<br><br>        Debtor | Chapter 7<br>Case No. 24-10248 |
| Bre Danvers-Kidman<br><br>        Plaintiff<br><br>v.<br><br>Clark Phinney<br>and<br>Kimberly Phinney<br><br>        Defendants | Adversary Proceeding<br>No. 24-01006 |

**ORDER GRANTING PLAINTIFF'S MOTION REQUESTING LEAVE**
**TO AMEND PLEADINGS AND JOINDER [DKT. NO. 69] AND**
**DEFERRING RULING ON DEFENDANT CLARK PHINNEY'S**
**MOTION TO AMEND ANSWER [DKT. NO. 62]**

The plaintiff, Bre Danvers-Kidman, has filed a Motion Requesting Leave to Amend Pleadings and Joinder [Dkt. No. 69], with a proposed amended complaint attached to the motion. Only one of the defendants, Clark Phinney, responded to the motion [Dkt. No. 75]. In his response, Clark Phinney does not oppose allowing Bre Danvers-Kidman to amend the complaint but objects to the joinder of Andie Danvers-Kidman as a plaintiff. That objection is overruled for reasons noted below.

First, Mr. Phinney objects that the joinder of Andie Danvers-Kidman would be involuntary. However, because Andie Danvers-Kidman signed the proposed amended complaint the Court does not see how the joinder could be involuntary.

1

Second, Mr. Phinney appears to suggest that adding Andie Danvers-Kidman as "an entirely new [p]laintiff" might unduly prejudice him, particularly if not given an opportunity to conduct discovery as to that new plaintiff.   Mr. Phinney also emphasizes that the litigation began nearly two years ago.

The request to add Andie Danvers-Kidman should hardly have surprised Mr. Phinney, given Mr. Phinney's own arguments about that person's involvement in this matter.   Andie Danvers-Kidman is the spouse of Bre Danvers-Kidman whose claims against the defendants arose in connection with the planning of the Danvers-Kidman wedding reception.   For the duration of the dispute here, Andie Danvers-Kidman has seemed like the most likely non-party witness that could be called to testify at trial in this matter.   Thus, the Court questions whether additional discovery would be needed merely due to adding Andie Danvers-Kidman as a plaintiff.   But the Court will nevertheless extend the discovery deadline in due course (as indicated below).   Further, although the litigation has been pending for nearly two years, this adversary proceeding has remained at a relatively early stage throughout—largely due to various actions and requests of the parties.   Thus, the Court is not persuaded that the delay before adding Andie Danvers-Kidman as a plaintiff is unduly prejudicial to Mr. Phinney.

Mr. Phinney does not explain how Andie Danvers-Kidman would not satisfy the requirements for joinder under Rule 20(a)(1) of the Federal Rules of Civil Procedures.   And the Court sees no reason why such joinder would be impermissible.   Thus, Mr. Phinney's objection is overruled, and the joinder of Andie Danvers-Kidman is allowed.

Moreover, with no objection to allowing Bre Danvers-Kidman to file the proposed amended complaint, the motion [Dkt. No. 69] is granted as follows.

1.  Andie Danvers-Kidman is added as a plaintiff.   Going forward, that addition must be reflected in the caption for filings in this adversary proceeding.

2. By June 5, 2026, the plaintiffs must (a) file a copy of the proposed amended complaint so as to make that complaint the operative complaint in this adversary proceeding, (b) serve that amended complaint by mail on the defendants and on counsel to Mr. Phinney; and (c) file a certificate of such service.

3. By June 22, 2026, the defendants must file and serve an answer or other response to that amended complaint.

After the above deadlines have passed, the Court will issue an amended scheduling order or other order appropriate to the circumstances.

Finally, also pending in this adversary proceeding is Mr. Phinney's Motion to Amend Answer [Dkt. No. 62].   Because leave has been granted above for the filing of an amended complaint, the Court will defer ruling on Mr. Phinney's motion until after the above deadlines have passed, as the motion might become moot in the course of those events.   The hearing scheduled for May 22, 2026, on the motions discussed above [Dkt. Nos. 62, 69] is canceled.

Dated: May 21, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

3