**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Clark Phinney<br><br>Debtor | Chapter 7<br>Case No. 24-10248 |
| Bre Danvers-Kidman<br>and<br>Andie Danvers-Kidman<br><br>Plaintiffs<br><br>v.<br><br>Clark Phinney<br>and<br>Kimberly Phinney<br><br>Defendants | Adversary Proceeding<br>No. 24-01006 |

**ORDER DIRECTING DEFENDANT KIMBERLY PHINNEY**
**TO COMPLY WITH LOCAL RULE 9013-1(b)**

On August 10, 2026, the Court received by mail and docketed a motion from Defendant Kimberly Phinney [Dkt. No. 96]. The motion is titled: "Pro Se Defendant's Emergency Motion for a Protective Order and for Sanctions Against Opposing Counsel for Unprofessional Harassment."

In the motion, Ms. Phinney contends that she "urgently" needs relief.[1] But the facts and circumstances alleged in and related to the motion do not show any apparent need for urgent action by the Court. In the motion, Ms. Phinney focuses on events that she says occurred in late

[1] She says: "A protective order under Rule 7026 / FRCP 26(c) is urgently required to establish clear, professional boundaries for communication, ensuring that I can participate in these bankruptcy proceedings without being subjected to targeted medical intimidation."

May and early June 2026—about two months before the motion was filed—but does not allege any recurrence since. And the motion is dated about a month before it was mailed to the Court. Moreover, Ms. Phinney's decision to send her motion to the Court via stamped mail suggests no pressing need for the requested relief.[2] Thus, to the extent that Ms. Phinney is asking for the Court to act on an accelerated basis, that request is denied.

If Ms. Phinney wants the Court to consider her motion any further, she must follow Local Rule 9013-1(b).[3] Under that rule, among other tasks, Ms. Phinney must schedule a hearing on her motion and notify all interested parties about that hearing.

If Ms. Phinney does not schedule a hearing promptly, the Court might decide that she has abandoned the motion. The Court might then deny the motion accordingly. The Court will wait at least 14 days after the date of this Order before taking such action.

Dated: August 14, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[2] Ms. Phinney also did not comply with the Court's local rules for seeking an emergency or expedited determination of a motion.

[3] The Court's Local Rules are on the Court's website (https://www.meb.uscourts.gov/local-rules).